## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Jamie Riggins, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:05-3115-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On November 2, 2005, under 28 U.S.C. § 2255, Jamie Riggins ("petitioner") commenced this pro se action attacking his sentence. On May 9, 2006, the government filed a motion for summary judgment dismissing the petition. On May 11, 2006, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On June 23, 2006, the petitioner responded to the motion for summary judgment. This matter is now ready for disposition.

On August 11, 2003, the petitioner pled guilty to a charge of conspiracy to distribute and to possess with intent to distribute 50 grams or more of crack cocaine. On March 10, 2004, the Court sentenced the petitioner to 124 months imprisonment followed by 5 years of supervised release. The Court entered judgment on March 12, 2004. The petitioner did not appeal the conviction or sentence.

The petitioner raises the following allegations in the petition: (1) counsel did not consult with him about filing an appeal, and counsel did not appeal after the petitioner requested that she do so, (2) counsel was ineffective by failing to object to the two level enhancement to his offense level for possessing a firearm during the conspiracy, and (3) the government breached the plea

agreement by failing to move for a Rule 35(b) reduction after the petitioner provided substantial assistance.

The petitioner raises two claims of ineffective assistance of counsel.

In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984). The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance

of counsel.

First, the petitioner claims that counsel was ineffective for failing to object to the firearm enhancement at sentencing. The Court enhanced the petitioner's sentence for possessing a firearm during the conspiracy to distribute and to possess with intent to distribute crack cocaine. USSG § 2D1.1(b)(1). The petitioner argues that he advised counsel and the government before sentencing that the firearm was not his and that it was not used in connection with the conspiracy. The government argues that the claim is untimely.

A petition filed under section 2255 is subject to a one year limitation that runs from, *inter alia*, the later of the date on which the judgment of conviction becomes final or of the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, ¶6(1) and (4). The petitioner knew of the facts supporting his claim prior to sentencing. Therefore, the limitations period runs from the later date of when judgment became final.

The Court entered judgment against the petitioner on March 12, 2004. The petitioner had ten days after entry of judgment to appeal, and judgment became final on March 22, 2004. Clay v. United States, 537 U.S. 522, 527 (2003). The petitioner filed this claim on November 2, 2005, more than one year after judgment became final. Consequently, the claim is barred.

The petitioner argues that the Court should equitably toll the limitations period. The Fourth Circuit Court of Appeals has approved of tolling the limitations period for filing habeas petitions in two extraordinary circumstances: (1) a plaintiff was prevented from asserting a claim by some kind of wrongful conduct on part of the defendant and (2) circumstances beyond the plaintiff's control made it impossible to file the claim on time. Harris v. Hutchinson, 209 F.3d

325, 330 (4th Cir. 2000). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id.

The petitioner claims that he did not timely file the petition because counsel advised him to wait for the government to file a Rule 35(b) motion. However, counsel's alleged misconduct did not prevent the petitioner from timely filing the petition. Therefore, the Court refuses to toll the limitations period.

In addition, the petitioner fails to demonstrate that counsel's failure to object to the enhancement prejudiced him. The Presentence Report indicates that on May 2, 2003, police arrived at the petitioner's girlfriend's residence while the petitioner was present. The police searched the house and found the subject firearm and a large sum of cash. The search occurred during the time of the conspiracy. The petitioner's allegations that the firearm was not his and that he did not use it during the conspiracy are not sufficient to present a factual issue as to whether counsel's failure to object to the enhancement prejudiced him.[1]

Second, the petitioner claims that counsel was ineffective for failing to consult with him about filing an appeal and for failing to appeal after the petitioner requested that she do so. The Supreme Court has directed courts to use the framework provided by Strickland v. Washington when evaluating a claim of whether counsel was constitutionally ineffective for failing to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470 (2000). "To establish a Sixth Amendment violation based upon counsel's failure to appeal, [a petitioner] must prove that (1) counsel was

---

[1] Further support for this conclusion is that the petitioner has filed a separate motion for the return of the firearm and cash, which he claims belong to him. United States v. Riggins, Docket No: 4:03-cr-474, entry 822, November 2, 2005.

ineffective and (2) a reasonable probability that, but for counsel's ineffectiveness, an appeal would have been filed." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477-83 (2000)).

While deficiency is typically a fact-specific inquiry, the Supreme Court has also found that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citing Rodriquez v. United States, 395 U.S. 327 (1969)).  Moreover, a defendant who instructs counsel to perfect an appeal has "objectively indicated his intent to appeal" and is entitled to an appeal without showing it would have had merit.  Flores-Ortega, 528 U.S. at 485 (citing Rodriquez, 395 U.S at 330).

 In other words, if the petitioner can show that he instructed counsel to file an appeal and that counsel failed to do so, deficiency is shown, prejudice is presumed, and the petitioner need not introduce any additional evidence to demonstrate that but for counsel's errors he would have chosen to appeal.

Here, the petitioner cannot make this showing.  Although the petitioner alleges that counsel refused to file an appeal, this scant allegation is legally insufficient to create a triable issue of fact when viewed in conjunction with other facts in the record.

First, the petitioner withdrew his objection to the firearm enhancement listed in his Presentence Report, and the petitioner made no further objections at his sentencing hearing to the facts and law used to calculate his sentence.  This tends to show that any discontent with the legality of his sentence arose only after the 10-day appeal window had been closed.  Cf. id. (noting that "only by considering all relevant factors in a given case can a court properly

-5-

determine whether a rational defendant would have desired an appeal").

Second, as this order reveals, the petitioner's objection to the firearm enhancement is without merit, a fact cutting against the petitioner's assertions that he instructed counsel to appeal the enhancement.[2]

Third, counsel responded to the petitioner's allegations above by stating the following in an affidavit:

1. I explained to [the petitioner] both before and after sentencing that he would have a right to appeal any sentence handed down by the court.
2. [The petitioner] did not indicate that he wished to appeal the sentence handed down by the court.

Fourth, the petitioner's pleadings present contradictory statements regarding his claim that counsel did not consult with him about an appeal and that counsel did not file an appeal after he requested that she do so. The petitioner states in an affidavit that he wanted to appeal the firearm enhancement but counsel advised him not to fight the firearm enhancement because the government would file a Rule 35(b) motion; in addition, the petitioner alleges that his failure to timely file an appeal was based on counsel's erroneous advice that the government would file a Rule 35(b) motion. Pet'r Aff. ¶¶ 20, 22, and 28, June 23, 2006. These statements bolster counsel's assertions that she consulted with the petitioner about appealing the sentence and the petitioner did not instruct her to file an appeal.

---

[2]The implication of <u>Flores-Ortega</u> is that a petitioner who can show that counsel disregarded his instructions to file an appeal has, by this showing alone, made out a case for ineffective assistance, because he has shown deficiency and prejudice in this situation is presumed. 528 U.S. at 477. Despite the fact that this hypothetical petitioner need not show that his appeal would have had merit, <u>id.</u>, the Court considers the fruitfulness of an appeal to be a factor that weighs in its determination of whether the petitioner in fact instructed counsel to file an appeal in the first place.

The Court finds that the statement in the petition alone is insufficient to overcome the indications in the record that counsel's affidavit correctly states the facts; namely, that counsel consulted with the petitioner about appealing the sentence and that the petitioner did not request counsel to file an appeal. Therefore, the Court denies the claim.

In addition, the claim is untimely. The petitioner argues that the claim accrued in October 2005, when he learned that the government and counsel had acted in bad faith to deny his right to appeal. At sentencing, the Court advised the petitioner that he had a right to appeal and that he had ten days to appeal. The petitioner stated in an affidavit that counsel advised him after sentencing not to appeal. Therefore, the petitioner knew after sentencing that counsel was not going to file an appeal.

The record conclusively reveals that after sentencing the petitioner knew that he had ten days to file an appeal, that he had a right to appeal, and that counsel was not going to file the appeal. The petitioner knew of the facts supporting the failure to appeal claim after sentencing and before judgment became final. Consequently, the limitations period began running when judgment became final on March 24, 2004. The petitioner filed the claim more than one year later on November 2, 2005.

The petitioner argues that counsel's failure to appeal should toll the limitations period. An attorney error that constitutes ineffective assistance of counsel is conduct attributable to the government and may justify tolling the limitations period. Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003). However, the petitioner must still demonstrate that the government's alleged wrongful conduct prevented him from filing the petition on time. Harris, 209 F.3d at 330. The petitioner fails to do so, and the Court refuses to toll the limitations period.

Third, the petitioner contends that he assisted with the conviction of Johnny Felder ("Felder") and that the government has breached the plea agreement by not filing a Rule 35(b) motion. The government alleges that the petitioner's assistance was not substantial and that it did not breach the plea agreement by failing to file a Rule 35(b) motion.[3]

In the plea agreement, the government retained the discretion to determine whether the petitioner's assistance was substantial and, if so, to file a Rule 35(b) motion. Where the government retains its discretion to make a substantial assistance motion, there is "no enforceable promise" because the plea agreement "explicitly reserv[ed] discretion rather than promising anything." United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). Therefore, the petitioner is not entitled to compel the government to file Rule 35(b) motion on his behalf unless he can show that the government's refusal to make such a motion was based on an unconstitutional motive, or was not rationally related to any legitimate government objective. *See* Wade v. United States, 504 U.S. 181, 185-86 (1992).

The government has exercised the discretion it retained in the plea agreement not to make a Rule 35(b) motion. The petitioner fails to demonstrate that the government breached the plea agreement by deciding not to file a Rule 35(b) motion, that the decision is based on an unconstitutional motive, or that the decision is not rationally related to any legitimate government objective. Therefore, the Court denies the claim that the government breached the plea agreement.

The Court grants the government's motion for summary judgment and dismisses the

---

[3] The government also argues that the claim is untimely. However, the petitioner provided assistance with the conviction as late as July 2005. A genuine issue of fact exists as to when the petitioner's claim for breach of the plea agreement accrued.

petition.

        **AND IT IS SO ORDERED**.

                                                        */s/ C. Weston Houck*

                                            **C. WESTON HOUCK**
                                            **UNITED STATES DISTRICT JUDGE**

April 23, 2007
Charleston, South Carolina